# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| M.M., <br><br> Plaintiff, <br><br> v. <br><br> COUNTY OF KERN, et al., <br><br> Defendants. | Case No.: 1:16-cv-00376 DAD JLT <br><br> ORDER AFTER FURTHER SCHEDULING CONFERENCE; ORDER STAYING THE CASE |

On June 21, 2017, the Court held a further scheduling conference at the request of counsel (Doc. 31). (Doc. 32). Counsel requested the further scheduling conference due to the significant delay in receiving juvenile records related to M.M.

At the hearing, counsel reported that the Kern County Juvenile had granted the Welfare and Institutions Code § 827 petitions seeking "prior police records, juvenile court records, school records, mental and medical health records and Juvenile Hall records" (Doc. 31-1 at 2). However, inexplicably, the juvenile court produced *only* records which were held by the court without comment about the records held by the various third-party agencies[1]. Thus, counsel intend to seek clarification from the juvenile court.

---

[1] Of course, the juvenile court, according to state law, is obligated to control the production of agency records according to Welfare and Institutions Code § 827. *In re Elijah S.*, 125 Cal.App.4th 1532, 1549 (2005). The Court presumes the juvenile court intended the grant of the § 827 petitions as implicit authorization that the litigants here may obtain the records from the third-party agencies.

1

Though the Court wholeheartedly endorses the rationale behind the provisions of section 827, the Court's obligations, first and foremost, are to this case and to the promotion of the interests of fairness. The parties are entitled to the discovery found in the juvenile court and agency records but their efforts at obtaining this discovery has been largely thwarted. This case has languished due, in large part, to the juvenile court's inability to act on the section 827 petitions in a more timely fashion[2] and the litigants and this case can wait no more.

This Court is not bound by the provisions of section 827. Although the privacy rights of juveniles should be strongly protected, there is no undue encroachment on M.M.'s privacy rights if the records are disclosed in this action. In fact, M.M. wishes to rely on these records to prove her case against the defendants. Thus, failure to obtain the records could impinge on M.M.'s rights. Further, the juvenile court has demonstrated its belief that the records should be disclosed by producing those records held by it.

In addition, to the extent that the privacy rights of M.M. or any other dependent or ward, officers or third parties is at risk, the Court will require that the information will not be disclosed outside of this case and will be subject to a stipulated protective order which will serve to protect the privacy of these individuals as much as possible. Finally, public policy favors disclosure of the records in this case. At issue in this case are claims of serious misconduct on law enforcement officers and there is a strong public interest in disputes moving forward in an efficient and fair manner. Therefore, the Court will direct counsel[3] to seek the records from the agencies directly through the means of a subpoena. Moreover, the Court stands ready, as necessary, to compel these parties to comply. Thus, the Court **ORDERS:**

1. **No later than June 27, 2017**, Plaintiffs **SHALL** issue subpoenas for prior law enforcement records involving contacts with M.M., M.M.'s school records, mental and medical health records and the records held by the Kern County Probation Department related to M.M. M.M. and/or the guardian ad litem **SHALL** execute whatever releases are necessary to facilitate

---

[2] The Court understands the extreme demands on the time of the juvenile court and does not intend this as criticism.
[3] Plaintiffs are equally anxious to obtain this information and expressed no objection to seeking the records via subpoena and agreed to provide signed consent forms for this purpose.

1. obtaining these records. Defendants may join in the subpoenas;

2. Counsel **SHALL** maintain the confidentiality of these records and **SHALL NOT** disclose them outside of this litigation. Counsel **SHALL** draft a stipulated protective order to address the records obtained and **SHALL** file it for the Court's consideration, no later than **August 4, 2017**;

3. <u>**No later than June 27, 2017**</u>, counsel **SHALL** file a request for clarification with the Kern County Superior Court related to the agency records sought in the § 827 petitions**;**

4. The case is **STAYED** pending the further hearing on **August 11, 2017** at 9:00 a.m. At least one week in advance of the hearing, counsel **SHALL** file a joint report setting forth the status of the subpoenas for records and **SHALL** propose case deadlines for the remainder of the case.

IT IS SO ORDERED.

Dated: __**June 22, 2017**__        ____**/s/ Jennifer L. Thurston**
                                UNITED STATES MAGISTRATE JUDGE